```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROBERT NIGRO,

                          Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               10-CV-1431(JS)
MICHAEL ASTRUE, as Commissioner of
Social Security,

                          Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Jonathan R. Klee, Esq.
                   Klee & Woolf
                   350 Willis Avenue
                   Mineola, NY 11501

For Defendant:     Candace Scott Appleton, Esq.
                   Robert Randolph Schriver, Esq.
                   United States Attorney's Office
                   Eastern District of New York
                   271 Cadman Plaza East
                   Brooklyn, NY 11201
```

SEYBERT, District Judge:

Currently pending before the Court is plaintiff Robert Nigro's ("Plaintiff") motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) of the Equal Access to Justice Act ("EAJA"). For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

The Court presumes familiarity with the factual background of this case, which is detailed in the Court's September 30, 2011 Memorandum and Order (the "September Order," Docket Entry 12).

Briefly, Plaintiff commenced this action on March 31, 2010 against defendant Michael Astrue, as Commissioner of Social Security ("Defendant" or "Commissioner"), challenging Defendant's decision that Plaintiff was not disabled prior to February 9, 2009. On July 1, 2010, Defendant filed an Answer to the Complaint. (See Docket Entry 6.) On October 14, 2010, Defendant moved for judgment on the pleadings (see Docket Entry 8), which Plaintiff opposed on November 12, 2010 (see Docket Entry 11).

In the September Order, the Court denied Defendant's motion and remanded the case back to the Commissioner for further administrative proceedings. (Sept. Order at 1-2.) In making that determination, the Court noted that the Administrative Law Judge ("ALJ") had summarily discounted the opinions of Plaintiff's chiropractors. (Sept. Order at 8.) Specifically, the Court found that "[t]he ALJ ignored these reports--and virtually every other piece of evidence from Plaintiff's chiropractors, who appear from the record to have had a treating relationship with Plaintiff--without explaining why." (Sept. Order at 12 (citing to a portion of the Administrative Record).) Thus, the Court concluded that the ALJ should have considered Plaintiff's chiropractic records or explained why he did not do so. (Sept. Order at 12-13.) The September Order further stated that, on remand, the ALJ should

consider all of the evidence concerning Plaintiff's dizziness and falling spells. (Sept. Order at 13.)

On the same day that the Court entered the September Order, the Clerk of the Court entered judgment. (Docket Entry 13.) On March 6, 2012, Plaintiff filed the currently-pending motion for attorney's fees.

## DISCUSSION

Plaintiff asserts that he is a prevailing party under 28 U.S.C. § 2412(d)(1)(A), that the ALJ's position was not "substantially justified," and that his current motion for EAJA fees is timely. Defendant, however, counters that Plaintiff's motion is not timely. The Court will first provide a brief recitation of the relevant legal standards before turning to the parties' arguments more specifically.

I. Legal Standards

"In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g) . . . ." Shalala v. Schaefer, 509 U.S. 292, 296, 113 S. Ct. 2625, 2629, 125 L. Ed. 2d 239 (1993). Sentence four provides that "[t]he [district] court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security,

3

with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Sentence six provides that

> [t]he court may, on motion of the Commissioner of Social Secuirty made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

Id.

The provision pursuant to which a district court remands is particularly relevant to the timeliness of any subsequent motion for attorney's fees. That is because, "[i]n the social security context, EAJA requires that fee applications be filed within 30 days after the expiration of the time for appeal [of] a judgment, or a total of 90 days after entry of judgment." Garland v. Astrue, 492 F. Supp. 2d 216, 211 (E.D.N.Y. 2007). Whereas sentence four authorizes entry of a judgment upon remand by the district court, under sentence six the district court does not enter judgment until the further administrative proceedings are complete. See Edwards ex. rel. Edwards v. Barnhart, 238 F. Supp. 2d 649-50 (S.D.N.Y. 2003).

4

II. Timeliness

Plaintiff asserts that his motion is timely because the Court's September Order was a sentence six remand, as shown, inter alia, by the Court's directive that the ALJ consider "new and material" evidence. (Pl.'s Mot., Docket Entry 14, at 4-7[1].) Defendant maintains that the Court's remand was a sentence four remand and that, therefore, Plaintiff's motion for attorney's fees is untimely. The Court agrees with Defendant that the September Order was a remand pursuant to sentence four and that, therefore, Plaintiff's motion is not timely.

The Court's September Order exhibits some of the key features of a sentence four remand, to the exclusion of the features of a sentence six remand. Significantly, the Court remanded--after Defendant filed an answer--because the ALJ had ignored the evidence and reports from chiropractors. See Curto v. Astrue, No. 07-CV-3711, 2008 WL 564628, at *2 (S.D.N.Y. Mar. 3, 2008) ("[T]his Court may remand a case pursuant to sentence six only where the Commissioner's motion for a remand is made before the filing of an answer or where there is material evidence that, for good cause, was not presented to the agency."); Edwards, 238 F. Supp. 2d at 653 ("If the remand was pursuant to sentence six, then, it must have been the type of

---

[1] Page numbers refer to those provided by the Electronic Case Filing system.

5

sentence six remand made on motion of the SSA before answering the complaint."). In making this determination, the Court specifically cited to the chiropractic records in the Administrative Record. (Sept. Order at 12.) The Court's further directive that the ALJ consider evidence regarding Plaintiff's dizziness and falling spells also pertained to evidence from the Administrative Record. Accordingly, there was no directive regarding "new and material" evidence. See Edwards, 238 F. Supp. 2d at 653 (noting that one of the hallmarks of a sentence six remand is "the remand was ordered on the basis of newly presented evidence"); see also Henry v. Astrue, No. 07-CV-0957, 2008 WL 5330523, at *13 (S.D.N.Y. Dec. 17, 2008) ("This evidence is not new evidence because it was included in the record, the error was in not proffering the evidence to plaintiff at the hearing and prior to the ALJ's decision.").

Additionally, the Clerk of the Court entered judgment the same day of the September Order. "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." Shalala, 509 U.S. at 297, 113 S. Ct. at 2629. Thus, unlike a sentence six remand, the Court did not anticipate "yo-

6

yo" proceedings in which it would "finally decide[ ] whether the administrative record is tenable" after remand.  Edwards, 238 F. Supp. 2d at 650.

As such, the Court finds that this was a sentence four, not a sentence six, remand.  Given that the Court entered its September Order on September 30, 2011 and that judgment was entered that same day, the time to file a motion for attorney's fees expired on December 29, 2011.  Plaintiff, however, did not file the motion until March 6, 2012.  Accordingly, Plaintiff's motion for attorney's fees is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is untimely and therefore DENIED.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January 7, 2014
       Central Islip, NY

7